IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael P. L. Gregg-Wilson, | ) | C/A No.: 3:12-2923-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EFC Trade Inc.; Duncan M. Anderson; | ) | REPORT AND RECOMMENDATION |
| James Herbst; Jennifer Yarnell; South | ) | |
| Carolina Department of Employment & | ) | |
| Workforce, SCDEW; Abraham J. | ) | |
| Turner; Romi Y. Robinson, and Leland | ) | |
| M. Caulder, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Michael P. L. Gregg-Wilson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*
brings this action against the South Carolina Department of Employment and Workforce
("SCDEW"), EFC Trade, Inc. ("EFC Trade"), and several of their employees and/or officials,
seeking damages, declaratory and injunctive relief, and other relief for alleged racial and
other discrimination in connection with Plaintiff's former employment with EFC Trade.
Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d)
(D.S.C.), the undersigned is authorized to review such complaints for relief and submit
findings and recommendations to the District Judge. For the reasons that follow, the
undersigned recommends that the District Judge partially dismiss the complaint in this case
without prejudice and without issuance and service of process on defendant SCDEW.

I.    Factual and Procedural Background

Plaintiff alleges that he was subjected to racial discrimination and other forms of

unconstitutional activity in connection with his former employment as an instructor at Fortis College in Columbia, South Carolina. [Entry #1 at 6]. He also alleges that he witnessed unconstitutional and possibly illegal activity in connection with his employment at Fortis related to Fortis's involvement with SCDEW personnel and programs. *Id*. at 8–9. He also alleges that he was retaliated against, terminated, and denied unemployment compensation when he attempted to bring these issues to the attention of responsible persons. *Id*. at 11–13.

Plaintiff asserts the following causes of action: race discrimination in employment and contract, abridgement of First and Fourteenth Amendment rights in speech and due process, and conspiracy under color of state law/authority. *Id.* at 13–16. He seeks payment of all salaries, benefits, and compensation from May 15, 2012 to June 27, 2012. *Id.* at 22.  He also seeks not less than $1,500,000 in compensatory damages for pain, suffering, emotional distress, loss of dignity, humiliation, and damages to his reputation and livelihood and that of his family. *Id.* at 23.  In addition, he seeks punitive damages. *Id.*

II.    Discussion

A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

SCDEW is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] *See Alden v. Maine*, 527 U.S. 706, 713

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

(1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments"); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the state has waived its immunity[2] or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Congress did not include any language in the Civil Rights Act of 1871 that overrides the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983[3] does not override the Eleventh

_____

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2] The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976), which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

[3] Plaintiff does not specify the defendants against whom he asserts each of his causes of action. However, Plaintiff does not allege employment by SCDEW, thus, the undersigned concludes he is not attempting to assert an employment discrimination claim against SCDEW. Plaintiff's claims of violations of his rights under the First and Fourteenth Amendments and his claims of conspiracy under "color of state law" appear to brought

Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Therefore, SCDEW is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. SC State Ports Authority*, 535 U.S. 743 (2002); *Belcher v. SC Bd. of Corrections*, 460 F. Supp. 805, 808–809 (D.S.C. 1978). Because SCDEW is entitled to immunity pursuant to the Eleventh Amendment, it is recommended that defendant SCDEW be summarily dismissed from this matter.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be partially dismissed without prejudice and without issuance and service of process as to defendant SCDEW. In a separate order, the undersigned is directing that the complaint be served on the remaining defendants.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 11, 2013                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

pursuant to § 1983. Even if his claims against SCDEW are not brought pursuant to § 1983, the undersigned has no basis to conclude that Congress intended to allow them by overriding SCDEW's Eleventh Amendment immunity.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).