IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael P. L. Gregg-Wilson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 3:12-cv-02923-TLW-SVH |
| ) | |
| ECF Trade Inc.; Duncan M. Anderson; ) | |
| James Herbst; Jennifer Yarnell; South ) | |
| Carolina Department of Employment & ) | |
| Workforce, *SCDEW*; Abraham J. Turner; ) | |
| Romi Y. Robinson; and Leland M. ) | |
| Caulder, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER**

Plaintiff, Michael P. L. Gregg-Wilson ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on October 10, 2012 against the South Carolina Department of Employment and Workforce ("SCDEW"), EFC Trade, Inc. ("EFC Trade"), Duncan M. Anderson, James Herbst, Jennifer Yarnell, Abraham J. Turner, Romi Y. Robinson, and Leland M. Caulder, Jr. (collectively "defendants"), seeking damages, declaratory, injunctive, and other relief for alleged racial and other discrimination in connection with plaintiff's former employment with EFC Trade. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on January 11, 2013 by United States Magistrate Judge Shiva V. Hodges, to whom this case has been assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).   (Doc. #16).   In the Report, the Magistrate Judge

1

recommends that defendant South Carolina Department of Employment and Workforce, *SCDEW*, be summarily dismissed from the above-captioned case. (Doc. #16). The plaintiff did not file objections to the Report. The deadline for plaintiff to file objections to the Report lapsed on January 28, 2013. (See Doc. #16).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report. The plaintiff did not file objections to the Report. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #16) is

**ACCEPTED.** Therefore, this case is **PARTIALLY DISMISSED** without prejudice and without issuance and service of process as to defendant South Carolina Department of Employment and Workforce, *SCDEW*.

    **IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Chief United States District Judge

February 1, 2013
Columbia, South Carolina