IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael P. L. Gregg-Wilson, | ) | C/A No.: 3:12-2923-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| EFC Trade, Inc.; Duncan M. Anderson; James Herbst; Jennifer Yarnell; Abraham J. Turner; Romi Y. Robinson, and Leland M. Caulder, Jr., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

This employment matter comes before the court on the motion for recusal of the assigned Magistrate Judge filed by *pro se* plaintiff Michael P. L. Gregg-Wilson on May 7, 2013. [Entry #61]. The motion having been fully briefed [Entry #62, #64], it is ripe for disposition. All pretrial proceedings in this case were referred to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.     Factual and Procedural Background

Plaintiff filed his complaint on October 12, 2012, seeking damages, declaratory and injunctive relief, and other relief for alleged discrimination in connection with his former employment with EFC Trade, Inc. doing business as Fortis College ("EFC"). [Entry #1]. Plaintiff sues EFC and its employees Duncan Anderson, James Herbst, and Jennifer Yarnell (the "EFC Employees"), as well as employees of the South Carolina

Department of Employment and Workforce ("SCDEW") Abraham J. Turner, Romi Y. Robinson, and Leland M. Caulder, Jr. ("SCDEW Employees"). It appears that Plaintiff was terminated for having falsely indicated that he had received a master's degree on his employment application. Plaintiff claims that the reason for his discharge is pretextual, but he does not appear to dispute that he misrepresented his credentials to his employer.

After the case was brought into proper form, the undersigned authorized service of process as to all defendants except SCDEW [Entry #15] and issued a Report and Recommendation ("R&R") on January 11, 2013, recommending that the case be partially dismissed without prejudice and without issuance and service of process as to SCDEW [Entry #16]. By order dated February 1, 2013, the Honorable Terry L. Wooten, Chief United States District Judge for the District of South Carolina, accepted the R&R and dismissed the case against SCDEW. [Entry #30]. No other substantive rulings have been made to date.

A review of the record reveals the undersigned granted the SCDEW Employees a 20-day and the EFC defendants a 14-day extension of time to answer or otherwise plead [Entry #22, #28], to which Plaintiff filed objections [Entry #33]. The court granted the EFC defendants' two motions to appear *pro hac vice* [Entry#34, #35]. [Entry #36]. Thereafter, the defendants filed two motions to dismiss [Entry #40, #44], and the undersigned issued *Roseboro* orders, directing the Clerk to forward an explanation of the dismissal procedure and apprising Plaintiff of the importance of his filing a timely response to the motions. [Entry #42, #46]. On March 5, 2013, Plaintiff filed timely responses to the motions [Entry #48], and on March 18, 2013, Plaintiff filed a motion to

compel [Entry #58]. On May 7, 2013, Plaintiff filed the instant motion for recusal [Entry #61], together with multiple attachments reflecting various docket reports and charts [Entry #61-2, #61-3], case law [Entry #61-4], the SCDEW ruling against him [Entry #61-5], copies of his communications with opposing counsel [Entry #61-6], as well as a 47-page attachment reflecting the history of Jim Crow Black Codes and lynching terms [Entry #61-7]. Defendants filed responses in opposition to Plaintiff's motion for recusal. [Entry #62, #64].

II.   Discussion

   A.   Standard of Review

The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) (citations and quotations omitted); *see also* Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified . . . ."). As the Ninth Circuit summarized:

> This proposition is derived from the "judicial [p]ower" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. . . .
>
> It is equally clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts

3

>require as we are to hear cases when there is no reasonable factual basis for recusal. *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1179 (9th Cir. 2005); *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). If it is a close case, the balance tips in favor of recusal. *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

*United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (alterations and emphasis in original).

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly-cautious recusal would improperly allow

---

[1] Notably, 28 U.S.C. § 455 largely tracks the language of Canon 3C of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. *DeTemple*, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 912.

The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).[2] Bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

---

[2] Similarly, 28 U.S.C. § 144 mandates recusal when a party to a "proceeding in a district court" demonstrates by a timely and sufficient affidavit that the "judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The procedures for seeking recusal under 28 U.S.C. § 144 differ from those under § 455(b)(1).  Furthermore, where actual bias is demonstrated pursuant to 28 U.S.C. § 144, recusal will generally also be required in any event under 28 U.S.C. § 455(a)'s standard of an appearance of bias. Therefore, the standard stated herein focuses on 28 U.S.C. § 455.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The extrajudicial source doctrine applies under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Grinnell*, 384 U.S. at 582–83; *Liteky*, 510 U.S. at 550, 554.

  B.  Analysis

  Here, Plaintiff claims that the undersigned Magistrate Judge has a "personal/ philosophical/racial/social and historical bias or grudge against Plaintiff and in favor of Defendants EFC Trade Inc et al, and the law firms representing them" [Entry #61 at 1], and he requests that Chief Judge Wooten order a change of venue to the District of Maryland. *Id.* Plaintiff notes he bases his motion upon the undersigned's "blatantly prejudicial actions, inactions and attempts to deny this plaintiff and others similarly case, our 1st, 5th, 13th, and 14th Amendment constitutional rights and privileges in this court, in addition to those specified and outlined under FRCP Civil Rule 11 (b) (1-4) , (c) (1-6), 26 (a-g), 27 (a-c), 28 (a-c), 34 (a-c), 36(a-b), 37(a-f), 56(a) and 57." *Id.* at 3–4. Plaintiff states that the undersigned:

> has been deliberate and egregious in her bias against this Plaintiff and has made rulings or lack thereof, specifically tailored to reward the defendants, enabling, facilitating, and encouraging their pernicious, flagrant, improper, and dilatory motions, statements and actions in their thus successful actions to unlawfully suppress direct and irrefutable evidence, to disregard FRCP requirements for responsive pleadings without sanction, penalties or default judgments, and engage in enacting a debilitating siege which has impoverished plaintiff to the point where it presents a clear and present threat to maintain a viable livelihood or life. She (Judge Hodges) has engaged in numerous improper discussions with counsels for defendants, granting instantaneous ex parte approval, despite adamant previous and

>subsequent formal opposition from plaintiff. (See Docket Entry's 22,23,24,25,27,28,33,34,35,36,40,44,48,49,50,51,52,53,54,55,57,58,59,60).

*Id.* at 6. Plaintiff argues that the undersigned's conduct "is not only prejudicial to the administration of justice but also implicates her as a willing participant in the perpetuation of racial injustice, oppression, suppression, discrimination and genocide." *Id.* at 6.

Plaintiff has pointed to nothing in the record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice. Plaintiff's disagreement with a ruling of the undersigned is not a valid basis for recusal. *See Liteky* 510 U.S. at 555. Therefore, Plaintiff's motion for recusal must be denied.

III.    Conclusion

For the foregoing reasons, Plaintiff's motion for recusal [Entry #61] is denied.

IT IS SO ORDERED.

*/s/ Shiva V. Hodges*

July 12, 2013                                                    Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge