IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michael P. L. Gregg-Wilson, | ) | C/A No.: 3:12-2923-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| EFC Trade, Inc.; Duncan M. Anderson; | ) | |
| James Herbst; Jennifer Yarnell; | ) | |
| Abraham J. Turner; Romi Y. Robinson; | ) | |
| and Leland M. Caulder, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

Michael P. L. Gregg-Wilson ("Plaintiff"), proceeding *pro se* and *in forma pauperis* brings this action against his former employer, EFC Trade, Inc. doing business as Fortis College ("EFC"); Duncan Anderson, James Herbst, and Jennifer Yarnell ("Employees"); and employees of the South Carolina Department of Employment and Workforce ("SCDEW")[1] Abraham J. Turner, Romi Y. Robinson, and Leland M. Caulder, Jr. ("SCDEW Employees"). Plaintiff seeks damages, declaratory and injunctive relief for alleged race and other discrimination.

This matter comes before the court on the following motions: (1) motion to dismiss of EFC/Employees filed February 19, 2013 [Entry #40]; (2) motion to dismiss of SCDEW Employees filed February 12, 2013 [Entry #44]; and (3) Plaintiff's motion to compel filed March 18, 2013 [Entry #58]. The motions having been fully briefed [Entry #48, #57], they are ripe for disposition.

---

[1] By order dated February 1, 2013, the court dismissed the case against SCDEW. [Entry #30].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motions to dismiss are dispositive, this report and recommendation is entered for the district judge's consideration.  For the reasons that follow, the undersigned recommends the district judge grant defendants' motions to dismiss and deny as moot Plaintiff's motion to compel.

I.    Factual and Procedural Background

In his complaint, Plaintiff states that he is a "Negro male" [Entry #1 at ¶1] who was subjected to race discrimination and other forms of unconstitutional activity in connection with his former employment as an instructor at Fortis College in Columbia, South Carolina.  *Id.* at 6. He also alleges that he witnessed unconstitutional, and possibly illegal, activity related to Fortis's involvement with SCDEW personnel and programs. *Id.* at 8–9. He alleges that he was retaliated against, terminated from employment, and denied unemployment benefits when he attempted to bring these issues to the attention of responsible persons. *Id.* at 11–13.

Plaintiff asserts the following causes of action: race discrimination in employment and contract, abridgement of First and Fourteenth Amendment rights in speech and due process, and conspiracy under color of state law/authority. *Id.* at 13–16. He seeks payment of all salaries, benefits, and compensation from May 15, 2012, to June 27, 2012. *Id.* at 22.  He seeks $1,500,000 in compensatory damages for pain, suffering, emotional distress, loss of dignity, humiliation, and damage to his reputation and his livelihood and to that of his family. *Id.* at 23.  He also seeks punitive damages. *Id.*

II.      Discussion

      A.      Motions to Dismiss

In their motions filed pursuant to Fed. R. Civ. P. 12(b)(6), defendants seek to dismiss all of Plaintiff's claims. Plaintiff's response [Entry #48] to the motions fails to address defendants' legal arguments for dismissal.

      1.      Standard on Motion to Dismiss

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir.

1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2.    Discrimination Claims

Liberally construed, Plaintiff appears to allege a claim for race discrimination pursuant to 42 U.S.C. § 1981 against EFC/Employees and pursuant to 42 U.S.C. § 1983 against the SCDEW Employees with respect to his termination from EFC.[2] [Entry #1 at ¶¶ 37–41].

Section 1981 and § 1983 claims are subject to the same analysis as Title VII claims. *Thompson v. Potomac Electric Power Co.*, 312 F.3d 645, 649, n. 1 (4th Cir. 2002) (holding analysis of § 1981 claim the same as Title VII); *Gairola v. Commonwealth of Va. Dept. of Gen. Svcs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) ("Under Title VII and either § 1981 or § 1983, the elements of the required prima facie case are the same.").  Title VII makes it unlawful for an employer to discriminate against an employee with respect to compensation, terms, conditions or privileges of employment on the basis of race.  42 U.S.C. § 2000e–2(a).  In the absence of direct evidence of discrimination, courts apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S.

---

[2]  Section 1983 provides the exclusive damages remedy for deprivations of constitutional rights under § 1981 by state actors (as opposed to private actors). *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). "Where all named defendants are state actors and the complaint alleges a § 1983 claim covering the same factual matters as a § 1981 claim, courts may dismiss a § 1981 claim or may deem the § 1981 claim merged with the § 1983 claim." *Googerdy v. N.C. Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 624 (M.D.N.C. 2005) (internal citations omitted).

792 (1973).[3]  Under the *McDonnell-Douglas* framework, Plaintiff has the initial burden of establishing a prima facie case of discrimination.  To establish a prima facie case of race discrimination, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that the position was filled by a similarly-qualified applicant outside the protected class. *Id.* at 802.

If the plaintiff establishes a prima facie case, the burden shifts to defendants to produce evidence of a legitimate, nondiscriminatory reason for terminating him.  *Id.* at 804.  Once defendants have met the burden of production by producing a legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination *vel non.*"  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citing *Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)).  In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by defendants is not their true reasons, but was pretext for discrimination.  *Reeves*, 530 U.S. at 143.  Throughout the burden-shifting scheme set forth in *McDonnell Douglas*, the ultimate burden of proving that defendants intentionally discriminated against the plaintiff remains at all times with the plaintiff.  Plaintiff has the ultimate burden of presenting evidence from which a reasonable jury could conclude defendant intentionally discriminated against him.

While a plaintiff is not required to plead a *prima facie* case at the initial pleading stage, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002), a complaint still "must

---

[3] The *McDonnell Douglas* analysis was refined in *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993), and *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "Facial plausibility is established once the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

a.    42 U.S.C. § 1981 Claim against EFC/Employees

Assuming that Plaintiff is able to establish the first three elements of the prima facie case, to wit, that he is a member of a protected class, that he was performing his job satisfactorily and that he was terminated, EFC/Employees argue that Plaintiff is unable to establish the fourth element. Defendants argue that Plaintiff cannot state a plausible claim for race discrimination because his complaint admits that his position was filled by someone within his protected class.

Specifically, Plaintiff's position at EFC was the Lead Instructor for the EST Program. [Entry # 1 at ¶19]. As support for his discrimination claim, Plaintiff states that EFC employee Yarnell promoted Mr. Jeremiah Blanding, "a Negro male, mid 40s, possessing an Associates' Degree only . . . to lead the EST program." *Id.* at ¶ 40. Because Plaintiff alleges he was replaced by an employee in his same protected category, Plaintiff has not stated a plausible claim for relief under § 1981 for race discrimination.

While Plaintiff is not required to plead a prima facie case, he is required to show that he has a plausible claim to relief to allow the court to draw a reasonable inference that defendants are liable for the misconduct alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (noting that "naked assertions" of wrongdoing necessitate some

"factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief"), *quoting Twombly*, 550 U.S. at 557 (internal quotations marks omitted); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"); *see also Iqbal*, 556 U.S. at 678 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"]. Therefore, the undersigned recommends granting EFC/Employees' motion to dismiss Plaintiff's claim for violation of §1981. *See e.g.*, *Barcliff v. N.C. League of Municipalities*, 2011 WL 3290578 (E.D.N.C. August 1, 2011) (dismissing failure to promote claims for failing to explain "who was selected or why the selected person was less or equally qualified, or explain why the selection produces a plausible inference of race . . . discrimination").

> b.    42 U.S.C. § 1983 Claim against SCDEW Employees

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Plaintiff identifies SCDEW Employees Turner and Robinson as supervisory level officials and Caulder as the Appeals Review Officer who upheld the denial of Plaintiff's unemployment claim. [Entry #1 ¶ 7–9]. Plaintiff describes Caulder's ruling as "so bizarre and inconsistent with the facts, he provoked serious questions of

racial animas [sic] invoked by White Supremacy pedagogy." *Id.* at ¶ 9. Plaintiff alleges that it is "apparent that Mr. Caulder was either commanded, instructed, or decided upon his own, based upon his apparent racist inclination, to conspire with others to violate the law, protocol, rules, regulations and moral codes, and to ignore reporting, or citing any or all revelations of illegal, Civil, Criminal, or Moral activities critical or explicit to Fortis College['s] bogus abrupt firing of plaintiff, … bringing about an unlawful denial of his Unemployment Insurance Benefits." *Id.*

Plaintiff alleges that he was "denied the right or opportunity to assess, obtain a copy, or even read the cause for dismissal alleged by EFC Trade Inc. to SCDEW," *id.* at ¶ 33, and that after weeks of waiting and calls to inquire about the decision, Plaintiff received his determination letter, which "did not identify the adjudicator," but did state that Plaintiff "was discharge[d] from his job with his most recent bona fide employer for failing to carry out the directives of his employer." *Id.* at ¶ 34. Plaintiff then alleges that he made numerous attempts to contact Turner and Robinson to address concerns about Caulder's "racist incompetent image his actions and decisions are perpetuating about SCDEW." *Id.* at ¶ 36. Plaintiff also alleges that he requested in a letter that he be contacted "in an attempt to resolve issues in question," but that neither "Turner, Robinson, Caulder Jr. nor any other official at SCDEW cared to intelligently discuss an issue of such dire and grave concerns. . . . " *Id.*

Other than asserting that Caulder, a Caucasian, is racist and was motivated by racial animus in ruling on his unemployment claim, Plaintiff offers nothing in support of

the race discrimination claim under § 1983 and the Fourteenth Amendment. Facts pled that are "merely consistent" with liability are not sufficient. *Iqbal* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, '[similarly] do not suffice' because a court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *A Society Without A Name*, 655 F.3d at 347, *quoting Iqbal*.

Although the court must liberally construe the pro se complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal* at 678, citing Fed. R. Civ. P. 8(a)(2).

The allegation that Caulder's decision was bizarre and inconsistent with the facts and that Plaintiff believes that he was not afforded a full opportunity to present his unemployment claim or receive a full explanation of the claim denial, does not permit the court to infer more than the mere possibility of misconduct. Because he has failed to do more than allege a legal conclusion without factual support, Plaintiff has not stated a plausible claim for relief under § 1983 for race discrimination.

      3.     Constitutional Claims

Liberally construed, Plaintiff appears to allege a claim for violation of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. [Entry #1 at ¶¶ 42–44]. To state a cause of action under § 1983, Plaintiff must allege both that he was deprived of a federal right, and that the named defendants did so "under color of state law." *Gomez v Toledo*, 446 U.S. 635 (1980); *Int'l Ass'n of Machinists & Aero. Workers v. Haley*, 832 F. Supp. 2d 612 (D.S.C. 2011).

In his complaint, Plaintiff asserts that as a "direct and proximate result" of his speaking out against various alleged discriminatory practices at EFC, he was subjected to "immediate loss of earnings, benefits, future earnings, and his career in education, in addition to being traumatized by a loss of reputation, embarrassment, economic, financial, health and emotional distress, brought on by deprivations without due process or lawful consideration." [Entry #1 at ¶ 43]. Plaintiff's claims against EFC/Employees for constitutional violations must be dismissed because these defendants are not state actors and cannot have acted under color of state law. Private decisions of private businesses are not state actions unless the state has so coerced the decision as to remove it "'from the sphere of private choice.'" *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214 (4th Cir. 1993) (quoting *Peterson v. City of Greenville*, 373 U.S. 244, 248 (1970)). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar,* 457 U.S. 922, 936; *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 721 (1961).

10

Although Plaintiff alleges that the defendants engaged in a "conspiracy" to deprive him of his unemployment compensation claim because of his race, he does so only in the most general and conclusory fashion, with no supporting facts. *Twombly*, 550 U.S. at 555 (holding that to survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"). Specifically, Plaintiff's claim that EFC/Employees entered into some form of illegal or improper conspiracy with SCDEW Employees to have his claim for unemployment dismissed is supported by no factual allegations whatsoever. Rather, Plaintiff simply alleges in a generally conclusory fashion that this what he believes happened. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)("While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim); *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)("Complaint must contain facts which state a claim as a matter of law and must not be conclusory").

The court is not required to accept such conclusory allegations, unsupported by any facts, as true when ruling on a motion to dismiss. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"); *House v. New Castle County*, 824 F.Supp. 477, 485 (D.Md. 1993)(Plaintiff's conclusory allegations insufficient to maintain claim); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (Courts need not assume the truth of legal conclusions couched as factual allegations); *Bender v. Surburban Hospital, Inc.*, 159 F.3d

186 (4th Cir. 1998); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) ("Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"). *Harper v. United States*, 423 F.Supp. 192, 196 (D.S.C. 1976) ("[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"). Because Plaintiff's § 1983 claim fails the pleading standard, it should be dismissed.

4.    Conspiracy Claim

Liberally construed, Plaintiff appears to allege that defendants are liable for conspiracy under color of state law. To establish a civil conspiracy under § 1983, Plaintiff must allege sufficient factual allegations that would "reasonably lead to the inference" that the co-conspirators "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan" to deprive Plaintiff of a constitutional right. *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *Ruttenberg v. Jones*, 283 F. App'x 121, 132 (4th Cir. 2008) (failure to plead conspiracy).  A private party involved in a conspiracy with a state actor can be liable under § 1983. *Chiles v. Crooks*, 708 F. Supp. 127 (D.S.C. 1989). However, to sustain such a claim, the plaintiff must allege facts showing an agreement or meeting of the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right. *Id*. at 130. To establish liability through conspiracy, a plaintiff must demonstrate that: (1) a State official and private individual reached an understanding to deprive the

12

plaintiff of his constitutional rights, and (2) the individual was a willful participant in joint activity with the State or its agents. *Hessami v. Corporation of Ranson*, 170 F.Supp.2d 626 (N.D. W. Va., 2001).

The undersigned agrees with defendants that the allegations in Plaintiff's complaint do not establish a basis for Plaintiff to pursue claims against them under § 1983. First, there is no basis to find from the facts alleged that EFC/Employees were state actors for purposes of a § 1983 lawsuit. Further, Plaintiff has not alleged any facts that would demonstrate that EFC/Employees and SCDEW Employees were "willful participants" in a joint activity relating to the denial of his unemployment benefits. The only allegations in the entirety of Plaintiff's 24-page complaint that link the conduct of EFC/Employees and the SCDEW Employees are contained in paragraphs 45 and 47 of the complaint. Paragraph 45 states:

> written evidence to be presented will show beyond a reasonable doubt that the investigation claim to have been done by defendants SCDEW into the cause for termination of plaintiff Gregg-Wilson was not only predetermined by SCDEW but also done in favor and conspiracy with Defendants EFC, Trade, Inc. . . .

[Entry# 1 at ¶45].

Paragraph 47 states:

> Beginning on June 3, 2012, and continuing ongoing through the present, the defendants EFC Trade, Inc., and SCDEW for unlawful personal and malicious reasons determined to target scapegoat and punish the plaintiff for no legitimate or proper reason. They communicated, colluded, schemed, planned and conspired together to cause him great harm suffering and loss.

*Id.* at ¶47.

13

These allegations are insufficient to establish that defendants were willful participants in a joint activity for civil conspiracy purposes. Plaintiff's allegations do not include any identification of any overt act or other activity to support his claim that EFC/Employees and SCDEW Employees conspired to deny him unemployment benefits. To the extent Plaintiff intends to refer to any information provided by EFC/Employees in the course of SCDEW's investigation into Plaintiff's claim for unemployment compensation, such participation is insufficient to render EFC/Employees to be acting jointly with SCDEW for civil conspiracy purposes. *See e.g., Lugar,* 457 U.S. at 939, n. 21 (holding private party's mere invocation of state legal procedures does not constitute joint participation or conspiracy with state officials); *Johns v. Home Depot U.S.A., Inc*., 221 F.R.D. 400, 405 (S.D.N.Y 2004) ("[Defendant's] call to the police does not amount to 'willful collaboration' giving rise to § 1983 liability); *Chiles*, 708 F.Supp. at 130–131 (holding police reliance in making an arrest on information given by a private party does not make the person a state actor); *Kahermanes v. Marchese*, 361 F.Supp. 168, 171 (E.D.Pa. 1973) ("The deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil Rights Acts.").

Plaintiff's conclusory allegations relating to this conspiracy claim are not sufficient to allow this claim to proceed.  The allegations contain no supporting facts, but are merely bald, conclusory allegations that are insufficient to allow the claim to move

14

forward. Therefore, defendants are entitled to dismissal of the conspiracy claim against them.

B.     Motion to Compel

Plaintiff filed a "Motion to Compel Discovery, Arbitration, and Answers." [Entry #58]. In his motion, Plaintiff alleges that he provided on February 5, 2013, and March 5, 2013, affidavits, documents and support in opposition to defendants' motions. Plaintiff then demands that defendants provide a "line by line response to each and every exhibited category and separate articles within his provided" documentation. *Id.* at 5–6. Defendants contend Plaintiff's discovery is premature given the pending motions to dismiss. [Entry#59 at 4].

Pursuant to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." To date, the parties have not been required to confer under Rule 26(f). Consequently, discovery has not commenced under the Federal Rules of Civil Procedure. The court finds no compelling reason in this case to issue an order commencing discovery prior to a decision on the pending motions to dismiss.

Furthermore, in light of the foregoing recommendation to grant the motions to dismiss, the undersigned recommends denying Plaintiff's motion to compel discovery as moot.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district judge grant the motions to dismiss [Entry #40, #44] and deny as moot the motion to compel [Entry #58].[4]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 12, 2013                                  Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4]  In many instances, where the undersigned concludes that sufficient allegations have not been asserted to give rise to an inference that all of the required elements of a discrimination claim are present, a recommendation is made that the plaintiff should be given one last opportunity to amend his or her complaint to cure this defect before a dismissal with prejudice is granted. *See Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002) ("[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"), citing *Harrison v. United Postal Service,* 840 F.2d 1149, 1152 (4th Cir.1988). However, in this case, an opportunity to amend would be futile, as Plaintiff cannot plead his way around the fourth element of the prima facie case of discrimination.

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).