IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael P. L. Gregg-Wilson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EFC Trade, Inc.; Duncan M. Anderson; )<br>James Herbst; Jennifer Yarnell; )<br>Abraham J. Turner; Romi Y. Robinson; )<br>and Leland M. Caulder, Jr., )<br>)<br>Defendant. )<br>_____ ) | C/A No.: 3:12-cv-2923-TLW |

**ORDER**

Plaintiff, Michael P. L. Gregg-Wilson ("plaintiff"), proceeding *pro se* and *in forma pauperis* filed this employment discrimination action against his former employer, EFC Trade, Inc. doing business as Fortis College ("EFC"); Duncan Anderson; James Herbst; and Jennifer Yarnell (collectively "EFC employees"); and employees of the South Carolina Department of Employment and Workforce ("SCDEW"),[1] Abraham J. Turner, Romi Y. Robinson, and Leland M. Caulder, Jr. (collectively "SCDEW employees"). Plaintiff seeks damages and declaratory and injunctive relief for alleged race and other discrimination. Education East LLC ("defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") on November 12, 2012. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on July 12, 2013 by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and

---

[1] This Court dismissed SCDEW as a defendant in the above-captioned case by Order dated February 1, 2013. (Doc. #30).

1

Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #66). In the Report, the Magistrate Judge recommends that the District Court grant the motion to dismiss filed on February 19, 2013 by defendants EFC and EFC employees (Doc. #40), grant the motion to dismiss filed on February 21, 2013 by defendants SCDEW employees (Doc. #44), and deny as moot the motion to compel filed by plaintiff on March 18, 2013 (Doc. #58). The plaintiff filed objections to the Report on July 26, 2013 (Doc. #69) and amended objections to the Report on August 8, 2013 (Doc. #70). Defendants EFC and EFC employees filed a Reply to plaintiff's objections (Doc. #71) on August 12, 2013 and a Reply to plaintiff's amended objections on August 26, 2013 (Doc. #75). Defendants SCDEW employees filed a Reply to plaintiff's objections (Doc. #73) on August 12, 2013.

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, de novo, the Report and Recommendation and the plaintiff's objections thereto. After careful consideration, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #66) be, and hereby is, **ACCEPTED.**

Accordingly, the motion to dismiss filed by defendants EFC and EFC employees (Doc. #40) is **GRANTED**, the motion to dismiss filed by defendants SCDEW employees (Doc. #44) is **GRANTED**, the motion to compel filed by plaintiff (Doc. #58) is denied as **MOOT**. Therefore, for the reasons articulated by the Magistrate Judge, the above-captioned matter is **DISMISSED** in its entirety with prejudice.

**IT IS SO ORDERED.**

s/ Terry L. Wooten  
Terry L. Wooten  
Chief United States District Judge

September 13, 2013  
Columbia, South Carolina